**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WADE KENNETH MALLETT, | No. 10-16276 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02309-FCD-DAD |
| v. | |
| R. P. ROMAN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

California state prisoner Wade Kenneth Mallett appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional violations in connection with his prison disciplinary proceeding and

subsequent placement in the Security Housing Unit.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Ramirez v. Galaza*, 334 F.3d 850, 853 (9th Cir. 2003). We affirm.

The district court properly dismissed Mallett's due process claims because the disciplinary proceeding resulted in the loss of 360 days of good-time credit, and Mallett did not allege that the punishment has been invalidated. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (a claim for monetary and declaratory relief challenging the validity of procedures used to deprive a prisoner of good-time credits is not cognizable under § 1983).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Mallett's remaining contentions are unpersuasive.

**AFFIRMED.**

10-16276